COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:   Kevin Campbell v. M. Brandon Maggiore, Guardian Ad Litem for Lonnie Phillips, Jr.

Appellate case number:   01-14-01004-CV

Trial court case number:   PR-0074571

Trial court:   Probate Court of Galveston County

Appellant, Kevin Campbell, has filed (1) a motion to waive or abate this Court's filing fee pending a hearing on the contest to his affidavit of indigence and (2) a motion to compel the court reporter to file the reporter's record in this appeal, contending that the fee for preparation of the reporter's record has been paid. The court reporter has notified the Clerk of this Court that appellant "has not made the necessary payment arrangements . . . to obtain a copy of all of the transcripts she has requested to be submitted to the Court of Appeals." We dismiss appellant's two motions as moot.

The clerk's record and supplemental clerk's records filed in this Court reflect that appellant filed an affidavit of indigence in the trial court on December 31, 2014. *See* TEX. R. APP. P. 20.1(a)(2), (c)(1), (d). Appellee, M. Brandon Maggiore, Guardian Ad Litem for Lonnie Phillips, Jr., filed, on January 6, 2015, a motion to strike and objection to the affidavit of indigence and, on January 15, 2015, a motion to extend the time for a hearing and ruling on the contest. *See* TEX. R. APP. P. 20.1(e)(1). The trial court, therefore, was required to either conduct a hearing or sign an order extending the time to conduct the hearing by January 16, 2015. *See* TEX. R. APP. P. 4.1, 20.1(i)(2), (3). On January 16, 2015, the trial court signed an order extending the time for conducting a hearing on the contest to twenty days "after the receipt of the ruling on Veronica L. Davis' Motion to Recuse." *Cf.* TEX. R. APP. P. 20.1(i)(3) ("The time for conducting a hearing on the contest must not be extended for more than 20 days from the date the order is signed."). Further, to properly sustain the contest, the trial court was required to sign an order sustaining the contest within the prescribed period for the hearing. *See* TEX. R. APP. P. 20.1(i)(4). On May 29, 2015, the district clerk filed a clerk's record on indigence with the Clerk of this Court. That clerk's record does not reflect that the trial court signed an order ruling on the contest within the applicable time period. Accordingly, the allegations in the affidavit are deemed true, and appellant is entitled to proceed without advance payment of costs. *See id.*

The Clerk of this Court is **ORDERED** to make an entry in this Court's records that appellant is indigent and is allowed to proceed on appeal without advance payment of costs.

The court reporter has filed an information sheet indicating that appellant has requested preparation of the reporter's record. It is further **ORDERED** that the court reporter file with this Court, within 30 days of the date of this order and at no cost to appellant, the reporter's record. *See* TEX. R. APP. P. 20.1(k), 35.1(b).

It is so ORDERED.

Judge's signature: /s/ Russell Lloyd
                         ☑ Acting individually    ☐ Acting for the Court

Date: August 11, 2015